UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPENSER BRASURE, Agent for
INDEPENDENT CATERERS, INC.,

    Plaintiff,

v.

ALABASTER WHOLESALE NURSERY,
et al.,

    Defendants.

No. C 13-2277 JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a civil action filed by a *pro se* state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before November 1, 2013.[1]

## DISCUSSION

**A.    Standard of Review**

In its initial review of this *pro se* complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff has consented to magistrate judge jurisdiction. The magistrate, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous without consent of defendants because they had not been served and therefore were not parties).

1  monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C.
2  § 1915(e).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*
3  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4       A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim
5  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)
6  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
7  plausibility when the plaintiff pleads factual content that allows the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting
9  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions
10 cast in the form of factual allegations if those conclusions cannot reasonably be drawn from
11 the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

12 **B.    Legal Claims**

13      The complaint will be dismissed with leave to amend for the following reasons.  First,
14 plaintiff's allegations are entirely conclusory, alleging state contract law claims against over
15 twenty defendants.  He provides no specific details connecting any defendant to any violation
16 of any law.  General allegations will not suffice.  Plaintiff must provide specific details about
17 each defendant, and exactly how that defendant violated a specific law or laws.  Second, it is
18 not clear that this Court has jurisdiction over this action.  Plaintiff attempts to invoke federal
19 diversity jurisdiction.  However, plaintiff has not provided the addresses of any of the
20 defendants.  This Court, then, cannot determine whether diversity jurisdiction exists.
21 Plaintiff's recitation of various federal statutes, without any specific allegations connecting
22 any defendant to a violation of any of these statutes, is also not sufficient to invoke federal
23 jurisdiction.  Third, plaintiff's bringing this action on behalf of a corporation presents a
24 problem.  A corporation, unincorporated association, partnership or other such entity may
25 appear only through counsel.  *See* 28 U.S.C. § 1654; Civil L.R. 3-9(b); *Employee Painters'*
26 *Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).  In his amended
27 complaint must confirm for the Court that Independent Caterers is, as he avers, a corporation,
28

or, if not, what sort of business entity it is. If it is a business entity within the meaning of the authorities cited above, the action will be dismissed without prejudice. If plaintiff wishes to pursue this action on his own behalf, he must allege facts showing that he is entitled to do so.

**Plaintiff shall file an amended complaint on or before November 1, 2013.** The first amended complaint must include the caption and civil case number used in this order (13-2277 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must also address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motions for discovery (Docket Nos. 8 and 10), and his motion to add defendants (Docket No. 12), are DENIED without prejudice. He may refile these motions after the Court has reviewed his amended complaint. The Clerk shall terminate Docket Nos. 8, 10, and 12.

**IT IS SO ORDERED**.

DATED: September 30, 2013

JOSEPH C. SPERO
United States Magistrate Judge